In re G. A. GIANCATERIN & ASSOCIATES, INC., Debtor.

Louis A. RYEN, as Trustee, Plaintiff,

v.

COTTRONE DEVELOPMENT CO., INC., Defendant.

Bankruptcy Nos. 80–20400, 80–2112A.

United States Bankruptcy Court, W. D. New York.

Feb. 24, 1981.

David MacKnight, Rochester, N. Y., for plaintiff.

Thomas Goldman, Rochester, N. Y., for defendant.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This matter is currently before me on a Motion of Summary Judgment.

The facts are as follows. In the Spring of 1979, the debtor and the defendant entered into an agreement in respect to equipment for a restaurant. This agreement was called "Lease Agreement". The agreement provided for a term of six years with a monthly rental of $1600. It provided for a purchase option of $5800 at the end of the term. The debtor had an obligation to maintain the equipment and insure the equipment against all types of loss. He was required to maintain liability insurance on the equipment. The agreement further provided that if the debtor defaulted the balance of payments would be accelerated and the defendant had the right to repossess the equipment and lease or sell it. It provided that the debtor was liable for any deficiency that arose including repossession and sales expenses but if a surplus was realized, the surplus belonged to the debtor.

Paragraph 15 of that agreement appoints the lessor as the lessee's lawful attorney and agent to execute financing statements on their behalf and to file such financing statements in an appropriate public office. The financing agreements were not filed in accordance with Title 9 of the Uniform Commercial Code. The equipment was originally purchased by the defendant from

Manufacturers Hanover Trust Company for $27,500, at a liquidation sale.

Section 1–201(37) of the Uniform Commercial Code of the State of New York provides in part as follows:

"Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation. The retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer (Section 2–401) is limited in effect to a reservation of a "security interest". The term also includes any interest of a buyer of accounts, chattel paper, or contract rights which is subject to Article 9. The special property interest of a buyer of goods on identification of such goods to a contract for sale under Section 2–401 is not a "security interest", but a buyer may also acquire a "security interest" by complying with Article 9. Unless a lease or consignment is intended as security, reservation of title thereunder is not a "security interest" but a consignment is in any event subject to the provisions on consignment sales (Section 2–326). Whether a lease is intended as security is to be determined by the facts of each case; however,

(a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.

The plaintiff argues that the agreement, despite its designation as a "lease agreement", is a disguised security agreement and hence should be filed in accordance with Title 9 of the Uniform Commercial Code of the State of New York. The defendant is claiming that this is a straight lease agreement and hence there is no necessity for filing in accordance with UCC Title 9 of the State of New York.

Since this document entitled "lease agreement" provides for payments of $115,200 over the life of the agreement; since the purchase option at the end of the agreement is for $5800; since the debtor is required to insure the equipment against loss or damage and to insure against liability; since a sale or lease of the equipment by the lessor because of a default by the lessee provides for any surplus to be delivered to the debtor, and since the debtor appoints the defendant as its agent to execute and file financing statements, this agreement appears to be a disguised security agreement (see *International Paper Credit Corp. v. Columbia Wax Products Co., Inc.*, 102 Misc.2d 738, 424 N.Y.S.2d 827 (Sup.Ct.1980), *In re Tillery*, 571 F.2d 1361 (5th Cir. 1978). Therefore, the Motion for Summary Judgment made by the trustee is hereby granted and it is so ordered.